

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL. POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 1-14-15

DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

RICKY CRUZ ALVAREZ,

    Petitioner,

vs.

J. SOTO, Warden,

    Respondent.

Case No. CV 14-9844-RGK (RNB)

ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION

    Petitioner is a California prisoner currently incarcerated at a state prison facility in Lancaster, California. On December 24, 2014, he filed herein a Petition for Writ of Habeas Corpus.

    It appears from the face of the Petition that it is directed to the same 1999 Los Angeles County Superior Court judgment of conviction as the prior habeas petition filed by petitioner in this Court on June 23, 2003, in Case No. CV 03-4452-RGK (Mc) [the "Prior Action"]. On May 6, 2005, Judgment was entered in the Prior Action denying the habeas petition on the merits. Petitioner timely appealed, but his requests for a Certificate of Appealability were denied in turn by this Court and the Ninth Circuit.

    The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the

Act") which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Thus, to the extent that Ground One of the Petition appears to be the same ineffective assistance of counsel claim that petitioner alleged in the Prior Action, § 2244(b)(1) requires the dismissal of that claim. To the extent that petitioner also appears to be alleging new claims, it was incumbent on him under § 2244(b)(3)(A)

to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of the Petition in this Court. Here, although petitioner attached to the Petition a completed application to the Ninth Circuit for leave to file a second or successive petition that bears the same signature date as the Petition, it does not appear from the Ninth Circuit docket that this application has even been received for filing, let alone granted. Petitioner's failure to secure the requisite leave from the Ninth Circuit deprives the Court of subject matter jurisdiction to consider the new claims alleged in the Petition. See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

IT THEREFORE IS ORDERED that this action be summarily dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: JAN 8 2015

R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

Robert N. Block
United States Magistrate Judge

3